UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ ALSHARA,

Plaintiffs,

v.

WIDEOPENWEST MICHIGAN, LLC, et al.

Defendants.

______________________________ /

Case No. 26-12015

Hon. F. Kay Behm
U.S. District Judge

ORDER TO SHOW CAUSE

Plaintiff filed this civil action in the Eastern District of Michigan on June 17, 2026 against Defendants WideOpenWest Michigan, LLC, WideOpenWest Networks, LLC, WideOpenWest Mid-Michigan, LLC, NetGear, Inc. and Webroot, Inc. (ECF No. 1). The court seeks assurance that it has subject-matter jurisdiction over this matter. See Akno 1010 Mkt. St. St. Louis Mo. LLC v. Pourtaghi, 43 F.4th 624 (6th Cir. 2022) (reiterating the district court's duty to assure subject matter jurisdiction at the earliest opportunity).

Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case." Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009). Federal courts generally may exercise jurisdiction over two

types of cases: (1) those that "arise under federal law" ("federal question jurisdiction"), and (2) those in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332(a). The party asserting jurisdiction bears the burden of establishing jurisdiction. See Durant v. Servicemaster Co., 147 F. Supp. 2d 744, 747 (E.D. Mich. 2001) (citing Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999); Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989)). Under the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The complaint alleges that the court has jurisdiction because the parties are of diverse citizenship, and the amount in controversy exceeds $75,000. (ECF No. 1, PageID.6). To sufficiently establish diversity jurisdiction, a party must allege both "the amount in controversy exceeds $75,000, and that diversity of citizenship exists." 28 U.S.C. § 1332. Diversity of citizenship requires "complete diversity such that no plaintiff is a citizen of the same state as any defendant." V & M Star, LP v. Centimark Corp., 596 F.3d 354, 355 (6th Cir. 2010) (citing Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005)).

Natural persons have the citizenship of the state in which they are domiciled. Von Dunser v. Aronoff, 915 F.2d 1071, 1072 (6th Cir. 1990). A corporation is considered a citizen of both its state of incorporation and the state in which it maintains its principal place of business. See 28 U.S.C. § 1332(c)(1). If a party is a limited liability company (LLC), they "have the citizenship of each partner or member." Centimark Corp., 596 F.3d at 356 (citing Delay v. Rosenthal Collins Group, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009)). Therefore, "to plead the citizenship of a limited liability company, a party must allege the citizenship of each member of the LLC." Brown v. Vedos Express LLC, No. 20-CV-11027, 2020 WL 3036393, at *1 (E.D. Mich. June 5, 2020); see also Delay, 585 F.3d at 1005 ("because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well.").

The complaint merely alleges that Plaintiff is a citizen of the State of Michigan and that none of the Defendants are citizens of the State of Michigan. (ECF No. 1, PageID.6). The complaint does not address the state of incorporation or the state in which the principle place of business is located for the Defendant corporations. The complaint also does not address the

citizenship of any of the members of the LLC Defendants. Without this information, the court cannot conclude that it has subject matter jurisdiction over this matter. As such, Plaintiff is now ORDERED to file a response to this order that fully alleges the citizenship of each Defendant, including the citizenship of each member of each LLC Defendant, along with the state of incorporation and the state in which the principle place of business is located for the corporate Defendants, in this matter within 14 days. Failure to provide timely and complete and accurate information will result in dismissal of the case.

SO ORDERED.

Date: August 14, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge