UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MUTAZ ALSHARA,<br><br>Plaintiff,<br><br>v.<br><br>WIDEOPENWEST MICHIGAN, LLC, *et al.*,<br><br>Defendants. | Case No. 26-12015<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF A NEUTRAL EXPERT (ECF NO. 25)**

Plaintiff Mutaz Alshara, proceeding pro se, sues his internet service providers, Defendants Wideopenwest Michigan LLC, Wideopenwest Networks LLC, and Wideopenwest Mid-Michigan LLC; an internet router manufacturer, Defendant Netgear, Inc.; and an antivirus service provider, Webroot, Inc. ECF No. 1. Alshara claims that defendants failed to secure his personal information during a ransomware breach in March 2025. *Id.* The Honorable F. Kay Behm referred this case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 12.

Alshara moves to appoint a neutral expert in this case. ECF No. 25. The Court has discretion to appoint expert witnesses under Federal Rule of Evidence 706. But courts exercise caution, only appointing experts in rare instances and under the most compelling circumstances. *Anderson v. Furst*, No. 17-12676, 2020 WL 3412251, at *1 (E.D. Mich. June 22, 2020); *Chappel v. Adams Cnty. Children's Servs.*, No. 1:22-CV-747, 2025 WL 1639514, at *6 (S.D. Ohio Feb. 5, 2025), *adopted,* 2025 WL 1335147 (S.D. Ohio May 8, 2025). And Rule 706 is not a vehicle for the Court to help the plaintiff prove his case. *Tangwall v. Robb*, No. 01-10008-BC, 2003 WL 23142190, at *3-4 (E.D. Mich. Dec. 23, 2003)

Alshara has not shown a compelling or extraordinary need to appoint a neutral expert. He contends that this case will require specialized knowledge about technical matters like breach forensics and internet routing. ECF No. 25, PageID.166-171. True, experts are typically appointed "when scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence." *Aguilar v. Bates*, No. 15-cv-2446, 2018 WL 4896024, at *1 (S.D. Cal. Oct. 9, 2018). But Rule 706 "does not allow the appointment of an expert witness for plaintiff's benefit alone," and "is not a means to avoid the in forma pauperis statute's prohibition against using public funds to pay for the expenses of

witnesses." 4 Jack B. Weinstein, et al., Weinstein's Federal Evidence § 706.02 (2026) (cleaned up).

Therein lies the crux of the issue. Citing his financial hardship, Alshara seeks appointment of an expert because he "cannot retain a private network-security expert" and "cannot present [his claims] without expert help." ECF No. 25, PageID.173-174. Yet Alshara asks the Court to apportion the costs of appointing an expert to defendants. *Id.* Alshara essentially seeks the benefit of an expert witness for free. But his inability to pay is not a compelling circumstance warranting the appointment of a neutral expert. *See McCleland v. Raemisch*, No. 20-1390, 2021 WL 4469947, at *5 (10th Cir. Sept. 30, 2021) ("Rule 706 was not designed to fill in the gaps for a party who cannot find or afford an expert."). The Court thus **DENIES** Alshara's motion to appoint a neutral expert.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 15, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous

or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. L.R. 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager